IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | | |
|---|---|---|
| IPXL HOLDINGS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04cv70 |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

After the parties' oral argument, the Court granted defendant's Motion For Attorneys' Fees and Costs under 35 U.S.C. § 285, having found this to be an "exceptional case" as defined in the statute. The Court ordered the parties to attempt to settle the amount of attorneys' fees and costs, but the parties were unable to reach an agreement. Defendant has filed a Memorandum To Establish The Amount Of Defendant Amazon.com, Inc.'s Attorneys' Fees And Expenses To Be Awarded Under 35 U.S.C. § 285, to which it attached documentation to support its request.[1] IPXL filed an Opposition to Amazon's Memorandum, to which Amazon has filed a Reply.

In its Memorandum, Amazon seeks $1,702,625.62 for legal services and $327,610.28 for expenses billed by Kirkland & Ellis LLP and approximately $58,500.00 for legal services and

---

[1] This documentation consisted primarily of detailed hourly billing and expense statements.

$4,571.37 for expenses billed by Greenberg Traurig LLP.[2] Amazon asserts that these figures reflect a 10% reduction from the actual total billed to account for any charges that represent duplication of effort. IPXL argues that the totals for fees and expenses should both be reduced by at least 50% to account for pervasive overstaffing and the inclusion of unnecessary and/or luxury expenses for which Amazon should not be reimbursed. In assessing the reasonableness of Amazon's request, the Court has adopted the parties' methodology of using a percentage reduction and as set forth below, will award Amazon 80% of the fees and costs documented in its Memorandum.

I. <u>Attorneys' Fees</u>

Once the Court determines that an award of attorneys' fees is appropriate, it must arrive at a "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>See, e.g.</u>, <u>Brodziak v. Runyon</u>, 145 F.3d 194, 196 (4th Cir. 1998). The determination of a reasonable expenditure of time and hourly rate depends in large part on an analysis of what similarly experienced attorneys charge in comparable circumstances.[3] <u>See</u> <u>Rum Creek Coal Sales,</u>

---

[2] Amazon submitted an approximation because some bills were still being finalized at the time Amazon filed its Memorandum.
Amazon also asked to be allowed to supplement its Memorandum to reflect charges billed after the Memorandum was filed. However, the Court has received no such supplemental documentation.

[3] As the Fourth Circuit explained in <u>Daly v. Hill</u>, a properly calculated lodestar will reflect consideration of the factors for assessing the overall reasonableness of a request for attorneys'

Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994). Although numerous Kirkland & Ellis attorneys assisted with Amazon's defense, the majority of the work was conducted by one partner, whose hourly rate was $382, and six associates, whose hourly rates ranged from $140 to $335. One other partner, who billed fewer hours on the case, charged an hourly rate of $423. Greenburg Traurig staffed the case with only two attorneys, who billed at rates of $370 and $295. Amazon has submitted data from the American Intellectual Property Law Association's 2003 Report of the Economic Survey ("AIPLA Survey") to demonstrate that the average of the rates charged by the attorneys who billed the most hours on the case, roughly $273 by the Court's

---

fees. See 790 F.2d 1071, 1075, 1077-78 (4th Cir. 1986); see also Barber v. Kimbrell's, Inc., 577 F.2d 216, 226-28 (4th Cir. 1978) (adopting factors first articulated in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Those factors are:
(1) the time and labor expended;
(2) the novelty and difficulty of the question(s) raised;
(3) the skill required to perform properly the legal services rendered;
(4) the attorneys' opportunity cost in pressing the litigation;
(5) the customary fee for like work;
(6) the attorneys' expectation at the outset of the litigation;
(7) any time limitations imposed by the client or the circumstances of the case;
(8) the amount in controversy and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case within the legal profession;
(11) the nature and length of the professional relationship between the attorney and the client; and
(12) attorneys' fees awards in similar cases.
    The Court finds that these considerations are adequately reflected in the lodestar through the attorneys' hourly rates and the Court's acceptance of Amazon's relatively high staffing level, which is consistent with high-stakes patent litigation facing equally well-equipped opposing counsel. Thus, any further adjustment to the lodestar is not only unnecessary but would constitute double-counting. See Daly, 790 F.2d at 1077.

calculation,[4] is below the median rate charged for like work in the Washington D.C. area.[5] The Court finds that the hourly rates charged by Amazon's attorneys are reasonable for high-stakes patent litigation in the Washington D.C. area.

Although the Court finds reasonable the hourly rate used by Amazon, in determining the lodestar figure, the Court must also assess the reasonableness of the staffing of the case. In this regard, IPXL argues that Amazon's request should be reduced by 50%, not 10%, because Amazon's documentation is rife with evidence of duplicated efforts and overstaffing. For example, IPXL cites in its Opposition numerous instances in which two attorneys billed for attendance at depositions. IPXL also points to records demonstrating that three attorneys billed for attending the final pretrial conference on June 17, 2004, and seven attorneys billed for attending the summary judgment hearing on July 16, 2004. The Court agrees that Amazon should not be reimbursed in full when multiple attorneys billed for tasks that could have been accomplished more

---

[4] Amazon cites an average hourly rate of $286 for the most heavily involved attorneys. This figure appears to include the $423 rate of the partner who billed fewer hours on the case than a number of other attorneys. For the purpose of assessing the reasonableness of Kirkland and Ellis's rates, the difference between these two figures is negligible.

[5] Further supporting the reasonableness of the hourly rates charged by the attorneys in this case in 2004, the AIPLA Survey is based on 2003 data.
  Amazon also cites the AIPLA Survey to show that its overall request of $2,093,307.27 in fees and expenses falls below the median cost for similar litigation.

4

efficiently.[6] The Court also will not reimburse Amazon for conferences among attorneys that are not described in sufficient detail for the Court to determine the conferences' content or necessity.

After reviewing Amazon's documentation with these parameters in mind, the Court finds that the duplication of efforts warrants a 20% reduction from Amazon's combined request of $1,761,125.62 in attorneys' fees, which is thereby reduced to $1,408,900.50. The Court rejects IPXL's argument that defendant's attorneys' fee award should be further reduced to reflect motions on which Amazon was not successful. Overall, Amazon obtained "excellent results" by prevailing at the summary judgment stage on its claim that it did not infringe plaintiff's patent and that the patent was invalid. The hours and expenses documented in Amazon's Memorandum were expended towards that end.[7] See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); Phyler v. Evatt, 902 F.2d 273, 280 (4th Cir. 1990).

---

[6] The Court warned Amazon during the hearing on its application for attorneys' fees that fees would not be awarded for overstaffing.

[7] Furthermore, the unsuccessful Motions for which IPXL argues Amazon should not recover were non-dispositive and did not affect the overall nature of Amazon's relief. For example, those Motions included Amazon's Motion For Transfer Of Venue, Motion To Compel Compliance With Document Request No. 60, and Motion For Leave To File Two Summary Judgment Briefs, as well as IPXL's Motion To Compel Amazon To Produce A Witness For IPXL's Topic No. 16 and Motion To Compel Regarding Depositions And Financial Information.

II. <u>Expenses</u>

Section 285 provides the Court with discretion to award reasonable non-taxable expenses in addition to attorneys' fees. <u>See</u> <u>Mathis v. Spears</u>, 857 F.2d 749, 754 (Fed. Cir. 1988). Amazon has submitted expense records from both Kirkland & Ellis and Greenberg Traurig in support of its combined request for $332,181.65. The categories of expenses for which Amazon requests reimbursement include telephone and fax charges, standard and color copies, CD-ROM duplication, animation, delivery services, local transportation and out-of-town travel costs, working and overtime meals, professional fees, outside computer services and computer research. IPXL objects to the request on the ground that it includes unrecoverable expenses, such as meals and limousine services. IPXL also argues that Amazon should not be reimbursed for expenses related to the same duplication of effort that is reflected in the documentation of attorneys' fees. The Court finds that an award of reasonable expenses is warranted in this case. However, the Court will not include in that award the costs of excessive copies, overly technical demonstrative exhibits, travel from home to work, meals, unreasonably pricey hotels and other unnecessary expenses.[8]  <u>See</u> <u>Id.</u> at 754. Thus, as with the award of

---

[8] As noted above with regard to attorneys' fees, in its October 12, 2004, Order the Court advised Amazon of the limitations on reimbursement for excessive deposition, copying and presentation expenses.

6

attorneys' fees, the Court finds that a 20% reduction in Amazon's request for expenses will account for the inclusion of excessive or unnecessary charges. Accordingly, the Court will award Amazon a combined total of $265,745.32 in expenses.

III. Conclusion

For the reasons stated above, the Court finds that a total award of $1,674,645.82, consisting of $1,408,900.50 in attorneys' fees and $265,745.32 in expenses, plus interest accruing since the entry of judgment, is warranted under § 285 to compensate Amazon for defending against this exceptional case. An appropriate Order shall issue.

Entered this 28th day of June, 2005.

_____/s/_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

7